BK1008131
RAH

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT CLEVELAND

IN RE:  Case No. 10-16141

Shirley L Avery  Chapter 7
  Judge Harris
        Debtor

MOTION OF US BANK, N.A. FOR
RELIEF FROM STAY AND
ABANDONMENT
18114 PINE AVENUE, FONTANA,
CA 92335

US Bank, N.A. (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362, and for abandonment of property under Bankruptcy Code § 554.

## MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On December 14, 2005, non-filing obligor Maritza Matus, obtained a loan from Downy Savings & Loan Association, F.A. in the amount of $250,000.00. Such loan was evidenced by a promissory note dated December 14, 2005 (the "Note"), a copy of which is attached as Exhibit "A".

3. To secure payment of the Note and performance of the other terms contained in it, the non-filing obligor Maritza Matus, executed a Security Agreement in favor of Downy Savings & Loan Association, F.A. dated December 14, 2005 (the "Security Agreement"). The Security Agreement granted a lien on 18114 Pine Avenue Fontana, CA 92335 owned by Debtor (the "Collateral"). Subsequent to the date of the Note and Mortgage, Maritza Matus conveyed a one (1) percent interest in the real property to the Debtor. See Exhibit "C". The Collateral is more fully described in the Security Agreement (check one):

    ☒    attached as Exhibit "B";

    OR

    ☐    contained in the Note, attached as Exhibit "A".

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

    ☒    Filing of the Security Agreement in the office of the San Bernardino County Recorder on December 22, 2005

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

    ☐    Notation of the lien on the Certificate of Title.

    ☐    Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit "B". Based on the recording date of the subject mortgage, the lien is the First lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is U.S. Bank Home Mortgage as custodian for US Bank, N.A., 800 Moreland Street, Owensboro, KY 42304.

6. The entity servicing the loan is: U.S. Bank Home Mortgage.

7. The Note was transferred, as evidenced by the following:

    a. If the Collateral is real estate:

        i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

- ☐ N/A.

OR

- ☐ By endorsement on the Note, payable to _____.

OR

- ☐ By blank endorsement on the Note.

OR

- ☐ By allonge attached to the Note, payable to _____.

OR

- ☐ By blank allonge, attached to the Note.

OR

- ☒ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

3

<u>U.S. Bank, National Association is Successor in interest to Downey Savings and Loan Association, F.A. as is evidenced by the document attached to this Motion as Exhibit "D".</u>

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit "<_____>". Explain why it provides Movant the authority to endorse the Note:

_____
_____
_____

    ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].

    iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.

    iv. Other_____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

4

☒ From the original lender, mortgagee, or mortgagee's nominee on U.S. Bank, National Association is Successor in interest to Downey Savings and Loan Association, F.A. as is evidenced by the document attached to this Motion as Exhibit "D". The transfer is evidenced by the document(s) attached to this Motion as Exhibit "D".

9. The value of the Collateral is $176,300.00. This valuation is based on San Bernardino County Auditor's Records.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $288,813.15, plus interest accruing thereon at the rate of 3.085% per annum [$22.85 per day] from October 21, 2010, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $ N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☐ N/A.

☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $_____.

☒ Co-Owner, Maritza Matus.

☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

5

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: ___<EXPLAIN>___.

    ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

    ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

    ☒ Maritza Matus has failed to make periodic payments to Movant for the months of September 2008, October 2008, November 2008, December 2008, January 2009, February 2009, March 2009, April 2009, May 2009, June 2009, July 2009, August 2009, September 2009, October 2009, November 2009, December 2009, January 2010, February 2010, March 2010, April 2010, May 2010, June 2010, July 2010, August 2010, September 2010 and October 2010, which unpaid payments are in the aggregate amount of $36,581.44 through October 20, 2010. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

    ☒ Debtor has no equity in the Collateral, because the Collateral is valued at $176,300.00, and including the Movant's lien, there are liens in an aggregate amount of $288,813.15 on the Collateral.

    ☐ Other cause (set forth with specificity): _____

14. Movant has completed the worksheet, attached as Exhibit "E".

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

    ☐ The Collateral is burdensome to the estate because _____.

    ☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 20, 2010, a true and correct copy of the foregoing Motion of US Bank, N.A. for Relief from Stay and Abandonment was served via Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Virgil E. Brown, Jr, - Trustee

Office of the U.S. Trustee

Shirley L. Avery, PRO SE

and by regular U.S. mail, postage prepaid, to:

Shirley L Avery
5303 Northfield Rd
#621
Bedford Heights, OH 44146

Maritza Matus
18114 Pine Avenue
Fontana, CA 92335

/s/ Steven H. Patterson
Steven H. Patterson
OH Sup. Ct. Reg. No. 0073452
(513) 241-3100 ext. 3373

LERNER, SAMPSON & ROTHFUSS
PO Box 5480
Cincinnati, OH 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

8